UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD W. HARRIS, SR.,

                        Plaintiff,

-against-

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; JAMES SANDIAGO; JOEANN FRY; JAY GOLDENG,

                        Defendants.

20-CV-6070 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

     Plaintiff, appearing *pro se*, brings this action under the Fair Housing Act, the Americans with Disabilities Act, and federal criminal statutes, 18 U.S.C. §§ 371, 2041. By order dated August 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

     The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

     While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Ronald W. Harris, Sr., has a pending action under the Americans with Disabilities Act (ADA) alleging that his landlord has failed to accommodate Plaintiff's disability by providing him with his preferred parking space. *See Harris v. Comm. Housing Mgmt., Corp.*, No. 7:17-CV-6312 (LMS) (S.D.N.Y.) (defendants' motion for summary judgment pending).

In this complaint, Plaintiff alleges that in 2015, employees of the United States Department of Housing and Urban Development (HUD) met at 26 Federal Plaza in Manhattan regarding the disability discrimination claims that Plaintiff has raised in his ADA action pending in this Court under docket number 17-CV-6312. Plaintiff contends that "pressure" from HUD employees caused him to suffer a heart attack in January 2018. Plaintiff sues HUD and three of its employees, seeking damages and asking the Court to "fin[d] them guilty." (Compl. at 6.)

## DISCUSSION

**A.     Claims under Criminal Statutes**

Plaintiff refers to federal criminal statutes and asks the Court to make a determination that defendants are guilty. A private citizen, however, cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal

2

actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses with prejudice Plaintiff's claims seeking to prosecute federal criminal charges and directs Plaintiff not to reassert these claims in any amended complaint he may choose to file.

**B.      Short and Plain Statement of Claim**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's allegations that HUD employees held a meeting regarding his discrimination claims do not state a claim for a violation of Plaintiff's rights. Plaintiff's complaint does not include any facts about what defendants did or failed to do that violated his rights. Plaintiff's complaint thus fails to comply with Rule 8 of the Federal Rules of Civil Procedure as he has not pleaded any facts showing that he is entitled to relief.[1]

---

[1] To the extent Plaintiff alleges that his claims arose in 2015, approximately five years before he filed this action, Plaintiff's claims may be time-barred, depending on the statute under which his claims arise.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se

4

Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-6070 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

*Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website.

SO ORDERED.

Dated:   August 6, 2020
         New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I. **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

A. **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

B. **If you checked Diversity of Citizenship**

1. **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City          State          Zip Code

_____

Telephone Number          Email Address (if available)

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
  First Name          Last Name

  Current Job Title (or other identifying information)

  Current Work Address (or other address where defendant may be served)

  County, City          State          Zip Code

Defendant 2:
  First Name          Last Name

  Current Job Title (or other identifying information)

  Current Work Address (or other address where defendant may be served)

  County, City          State          Zip Code

Defendant 3:
  First Name          Last Name

  Current Job Title (or other identifying information)

  Current Work Address (or other address where defendant may be served)

  County, City          State          Zip Code

Defendant 4:

    First Name                Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City              State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____

### INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

### IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name        Middle Initial | Last Name |
| Street Address | |
| County, City | State        Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.