UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD W. HARRIS, SR.,

                Plaintiff,

-against-

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; JAMES SANDIAGO; JOEANN FRY; JAY GOLDING,

                Defendants.

20-CV-6070 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants violated his rights. By order dated August 6, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Ronald W. Harris, Sr., is disabled and uses a wheelchair. He resides in Huguenot House, an apartment building where rent is federally subsidized through the Section 8 housing program that the United States Department of Housing and Urban Development (HUD) administers. Community Housing Management Corporation ("Community Housing") manages the Huguenot House building. Plaintiff has a separate suit pending against Community Housing for damages for its having failed to provide a parking space that accommodates his disability. *See Harris v. Comm. Housing Mgmt., Corp.*, No. 7:17-CV-6312 (AEK) (S.D.N.Y.).[1]

In this action, Plaintiff alleged in his original complaint that HUD employees, without inviting him, met with employees of Community Housing at 26 Federal Plaza in Manhattan regarding Plaintiff's disability discrimination claims pending in *Harris*, No. 17-CV-6312 (AEK). Plaintiff asserted that "pressure" from HUD employees caused him to suffer a heart attack in January 2018. Plaintiff sued HUD and three of its employees, seeking damages and asking the Court to "fin[d] them guilty" of violating 18 U.S.C. §§ 371, 2041. (ECF 2 at 6.)

By order dated August 6, 2020, the Court held that a private citizen cannot prosecute a criminal action in federal court, and that allegations that HUD employees met with Plaintiff's landlord without him to attempt to resolve his discrimination claims do not state a claim for a

---

[1] Questions have arisen about whether that action is moot because Plaintiff, who does not own a car, is no longer eligible for a driver's license because of his vision. *Harris*, 7:17-CV-6312 (AEK) (S.D.N.Y.) (ECF Nos. 77-78).

violation of Plaintiff's rights. (ECF No. 4). The Court granted Plaintiff leave to replead to provide a short and plain statement of his claim.

In his amended complaint (ECF No. 5), Plaintiff alleges the following:

> [Defendants are] violating the federal ethics law Title 18 USC Section 241 which [forbids] a third party to conspire, injure, oppose, threaten, or intimidate in Federal Court. See exhibit. The above names are a party to placing handicapped parking place at 16 Locust Avenue in violation of rule[s] and regulation[s]. The location of the parking space is not the closest place to the front entrance . . . which saves the landlord the large expense of complying with the law.

(Am. Compl., ECF No. 5, at 48.) In other words, Plaintiff alleges that HUD and its employees violated criminal law by conspiring to allow Community Housing to place handicapped parking in a location that saved it money but did not comply with the law.

Plaintiff further contends that depositions taken in *Harris*, No. 17-CV-6312 (AEK), demonstrate these criminal acts. (*Id.*). Plaintiff attaches the deposition of Roberta Fox, in which Ms. Fox states that she and Community Housing President Eugene Conroy attended a meeting with HUD officials about installing handicapped parking at Huguenot House and about the settlement of Plaintiff's complaint in *Harris*, No. 17-CV-6312 (AEK).[2] Fox testified that a HUD representative showed them where the handicapped parking spot should be located and that as of the time of the deposition, there were three handicapped parking spots. She testified that Plaintiff had never had a car parked in the lot but had filed a fair housing complaint with the Westchester County Human Rights Division in 2014 or 2015, and was then offered a parking spot, but he rejected it and

---

[2] Plaintiff attaches a document in which he rejects the offer of a monetary settlement for *Harris*, 7:17-CV-6312 (AEK), and continues to demand compensation of a far greater amount.

withdrew his administrative complaint.[3] Plaintiff then filed a complaint with HUD regarding the same issue.

Plaintiff names HUD and three of its employees (Jay Golding, Joeann Fry, and James Santiago, sued herein as Sandiago) as defendants in this action and seeks to press criminal charges for conspiracy against them.

## DISCUSSION

The Court notified Plaintiff in the August 6, 2020 order to amend that a private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The Court dismissed these claims with prejudice and further directed Plaintiff not to replead his claims seeking to press criminal charges against defendants because it would be futile to do so.

In his amended complaint, Plaintiff seeks to prosecute charges against the same defendants under different federal criminal statutes. Because a private citizen cannot prosecute a criminal action in federal court, the Court dismisses Plaintiff's claims.

Plaintiff's allegations that HUD employees held a meeting with Community Housing regarding his claims pending in *Harris*, No. 17-CV-6312 (AEK), also do not state a civil claim for a violation of Plaintiff's rights. The Court therefore dismisses Plaintiff's complaint for failure to state a claim on which relief can be granted.

---

[3] In his letter voluntarily withdrawing his administrative complaint, Plaintiff stated, among other things, that "Roberta Fox retaliation is why I withdraw it." (ECF 5-1 at 17.) Fox is not a defendant in this action, and Plaintiff's civil rights claims related to parking at Huguenot Houses are pending in *Harris*, No. 17-CV-6312 (AEK).

4

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   November 2, 2020
         New York, New York

                                                Louis L. Stanton
                                                    U.S.D.J.